In the Matter of SAMUEL LEVY, an Attorney, Respondent. BRONX COUNTY BAR ASSOCIATION, Petitioner.

First Department, December 3, 1963.

*Morris Lyman* and *Donald Diamond* for Bronx County Bar Association, petitioner.

*James A. Murphy* for respondent.

*Per Curiam.* Respondent, 54 years of age, was admitted to practice October 31, 1938 at a term of the Appellate Division, First Department.

The petition in this disciplinary proceeding alleges misconduct grounded on respondent's negligent omission to proceed with two matters.

Respondent was retained and neglected to prosecute a claim for personal injuries. After the claim had been barred by the Statute of Limitations it was composed by respondent to the client's satisfaction. However, he did not make payment of the amount involved until after the complaint thereon. Moreover, the adjustment with the client involved misrepresentations with regard to a purported settlement with the party allegedly responsible for the injury.

Respondent was retained to prosecute a claim for the illegal sale of warehoused miscellaneous items including manuscripts and books. He failed to take any action thereon and misrepresented the pendency of negotiations for settlement.

At the hearing on said charges the petition was amended without objection to include two additional charges, to wit: Respondent received a small retainer to effect a transfer of a beer license in connection with the purchase of a grocery store. He failed to take any steps to effect the transfer. Within a short time thereafter the license was obtained through the services of another. Respondent undertook to make good any losses resulting from the delay in obtaining the license and it does not appear that any loss was consequent thereon. The other additional charge involves a purported payment of $200 by the respondent to induce retainers relating to accidental personal injuries.

We find that the charges, with the exception of the last, are sustained by the record. The remaining charge has not been sustained.

It would appear that respondent, a single practitioner, indiscriminately assumes retainers he is unable to handle properly. At one time he maintained two offices; presently he appears to have one office. Respondent evidences awareness of his omissions and attempts to make amends therefor. Similar charges brought an admonishment by the Grievance Committee of the Association of the Bar of the City of New York in 1959 and a promise by respondent that his future conduct would give no cause for complaints. He has failed to live up to this promise.

In view of respondent's demonstrated inability to rectify his conduct in spite of the 1959 warning and in order to protect the

public, disciplinary action is indicated and suspension should be imposed for a period of two years.

RABIN, J. P., VALENTE, McNALLY, STEVENS and EAGER, JJ., concur.

Respondent suspended for a period of two years.